# Federal Land Bank of Louisville v. Allender's Adm'r et al.

Jan. 13, 1942.

William C. Goodwyn, Theo. W. Bates and J. F. Williamson for appellant.

E. E. Barton, Clyde R. Barker, Silas Jacobs and John T. Metcalf for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was brought by the administrator to settle the estate of Carl Allender, who died intestate in January, 1939. The Federal Land Bank was made a party defendant by virtue of its mortgage lien of some $1,500 on the 71 acre tract of land owned by Allender. The bank answered and asked that its mortgage be adjudged a prior lien and superior to all others on the realty and that if it be adjudged that the realty be sold, it be sold subject to its mortgage lien. The land was ordered sold to satisfy Allender's debts, since the personalty was far insufficient for that purpose, but it was not ordered to be sold subject to the bank's lien, though it was directed that its lien be satisfied first from the proceeds of the sale. The bank is asking that that judgment be reversed, in so far as it did not direct that the property be sold subject to its lien.

The record shows that it was necessary to sell all of the land in order to satisfy Allender's debts. The bank insists that its debt can not be precipitated without its consent, and cites the case of Callebs v. Ruble, 172 Ky. 113, 188 S. W. 1096, 1098, in support of that contention. The administrator insists that a suit to settle an estate under Section 428 of the Civil Code of Practice means the final liquidation of the estate; that Subsection 3 of Section 694 of the Civil Code of Practice is not applicable to suits brought under Section 428; and that the administrator and Allender's heirs may insist upon an outright sale of the land because of the five year precipitation clause in the note and mortgage, and because in a suit to settle an estate under Section 428 of the Civil Code of Practice all claims are subject to liquidation whether due or not.

In the Callebs case suit was brought under Section 428 of the Civil Code of Practice to settle an estate, but

the person who had a lien on real estate was not made a party to the action. It was held that the lienholder should have been made a party, and that while the court may order a sale for the purpose of paying all lien debts, although some of them have not matured, unless the holder of the debt and the personal representative consent, it would not work a maturity of the amounts not due or precipitate their payment as they need not be paid until they mature according to the contract. The opinion goes on to say:

> "* * * When a condition of this sort arises, and the lienholder and the personal representative do not agree to precipitate the maturity of the paper, the court should order a sale on the usual terms and conditions, subject to the lien of the unmatured debts, and make such orders as are necessary to protect the purchaser in his payments to the lienholder as they fall due. This can be done by giving the purchaser credit on his bonds by the amount of the unmatured debts, which will remain a lien on the land until paid."

We think the Callebs case would be controlling here were it not for the five year precipitation provision in the bank's note and mortgage. That provision is to the effect that the maker may pay the indebtedness to the bank after five years from the date of the note (which is the situation in the case before us). That is not to say, however, that as a general proposition property against which the bank holds such a note and mortgage may be ordered sold to raise the money for the payment of the debt. We think a fair determination of the question before us would be for the judgment ordering the sale to direct that the commissioner first offer the property for sale for a bid in an amount sufficient to satisfy the bank's claim in full, plus all costs of the action, the property to be sold free of the bank's lien, and in the event no such bid is received that the property be sold subject to the bank's lien. This course, we think, will meet to a material extent the bank's objection to having the property sold free of its lien and also the objections of the administrator. In either event the sale will not delay a final settlement of the estate because the bank has made no claim against Allender's estate, and is not looking to the personal representative or heirs for the payment of its debt. It has asked only that it be adjudged a prior lien

on the property, and in the event it is to be sold, that it be sold subject to its lien.

Wherefore, the judgment is reversed, with directions that it be set aside and for the entry of a judgment consistent with this opinion.